IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.         ) | CRIMINAL NO. 05-00026-CB |
| ) | CIVIL NO. 16-00156-CB |
| BRIAN JOHN MCGUIRE,   ) | |
| ) | |
| Defendant/Petitioner ) | |

**ORDER**

In response to Petitioner Brian John McGuire's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, the government agrees that Petitioner's sentence under the Armed Career Criminal Act (ACCA) is due to be vacated.[1] (Docs. 24 & 26.) Petitioner was convicted of possessing a firearm after having "been convicted . . . of a crime punishable by imprisonment for a term exceeding one year" under 18 U.S.C. § 922(g). On January 12, 2006, he was sentenced to 180 months imprisonment, the minimum sentence under the ACCA enhancement. Absent that enhancement, the maximum sentence possible for the crime of conviction is 10 years. See 18 U.S.C. § 924(a)(2). Recalculation of Petitioner's guideline range without the ACCA enhancement results in a guideline range sentencing range of 63 to 78 months and supervised release term of 3 years. (See attached.)   In Johnson v. United States, 135 S. Ct. 2251 (2015), the Supreme Court held unconstitutional the residual clause of the Armed Career

---

[1] In *Johnson v. United States*, 135 S. Ct. 2251 (2015), the Supreme Court held unconstitutional the residual clause of the Armed Career Criminal Act (ACCA). Recently, in *Welch v. United States*, ___ U.S. ___, No. 15-6418 (April 18, 2016), the Supreme Court held *Johnson* applies retroactively to cases on collateral review.

Criminal Act (ACCA). Recently, in Welch v. United States, ____ U.S. ____, No. 15-6418 (April 18, 2016), the Supreme Court held Johnson applies retroactively to cases on collateral review.

Petitioner has served approximately 127 months, which exceeds the 10-year statutory maximum sentence for the offense in the instant case. Because the Petitioner has served the maximum sentence, the Court can see no reason to hold a new sentencing hearing. Therefore, unless either party file an objection on or before May 16, 2016, the Court intends to enter an amended judgment sentencing Petitioner to 78 months imprisonment[2] and a 3-year term of supervised release.

Petitioner's motion is **GRANTED**, and the sentence imposed in this case is **VACATED**.

DONE and ORDERED this the 9th day of May, 2016.

s/Charles R. Butler, Jr.
Senior United States District Judge

---

[2] In Criminal No. 05-00351-WS-C, Petitioner received a 42-month sentence of imprisonment to be served consecutively to the sentence imposed in this case. That sentence is unaffected by this order, except to the extent the revised sentence affects the date on which the consecutive sentence began to run, which is to be determined by the Bureau of Prisons. *See generally United States v. Wilson*, 503 U.S. 329 (1992) (Bureau of Prisons, not sentencing court, computes sentence).



**UNITED STATES
PROBATION OFFICE
SOUTHERN DISTRICT OF
ALABAMA
MEMORANDUM**

**Jennifer M. Childress, Chief U. S. Probation Officer**

**Date:** May 5, 2016

**Reply to Attn of:** Alan R. Watkins, Sentencing Guideline Specialist, (251) 441-6766

**Subject:** <u>Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255</u>
Brian Johnathan McGuire, 05-00026-001 (CRB)

**To:** Senior U. S. District Judge, Charles R. Butler, Jr.

Original Sentence:   Defendant was sentenced to the custody of the Bureau of Prisons for a term of 180 months, as to Count 1. The Court recommends to the Bureau of Prisons that the defendant participate in residential, comprehensive, substance abuse treatment and anger management counseling, both, while incarcerated. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 5 years, as to Count 1. The Court imposed the following special conditions: the defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse, as directed by the Probation Office; and, the defendant shall participate in a program of mental health treatment, specializing in anger management counseling, as directed by the Probation Office. No fine was imposed, as the defendant is unable to pay. A $100 special monetary assessment was imposed. The defendant was remanded to the custody of the U.S. Marshal.

The Probation Office has recalculated the defendant's guideline range as follows:

|  | Original Range w/ ACCA | New Range w/out ACCA |
|---|---|---|
| Base Offense Level: | 24 | 20 |
| Specific Offense Characteristics: | None | None |
| Chapter 3 Adjustments: | None | None |
| Chapter Four Enhancements: | 33 | None |
| Acceptance of Responsibility: | None | None |
| **Total Offense Level:** | 33 | 20 |
| Criminal History Category: | V | V |
| **Guideline Range:** | **210 to 262** | **63 to 78** |
| **Supervised Release Term** | **5 years** | **3 years** |

**Consecutive Sentence in Case # 05-00351-001:**

Defendant was sentenced to the custody of the Bureau of Prisons for a term of 42 months, as to Count 1 (Escape); said term to run consecutively to the custody sentence imposed in CR 05-00026-001. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years, as to Count 1. The Court imposed the following special condition: the defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse, as directed by the Probation Office. No fine was imposed, as the defendant is unable to pay. A $100 special monetary assessment was imposed. The defendant was remanded to the custody of the U.S. Marshal.

**Time Served:**

The defendant has been in federal custody since October 2, 2005, for a total of 127 months (not including good time credit). Consequently, the defendant would be eligible for immediate release even if sentenced at the high end of the guideline range.